Mario Iskander, SBN #327025
1111 N. Brand Ave., Ste. 308
Glendale,  CA 91202
Tel (240) 439-1970
Email: mario@iskanderlaw.com

Attorney for Plaintiff,  MATTHEW EVANS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW EVANS,<br><br>Plaintiff,<br><br>v.<br><br>AV SCANNER NEWS, LLC, a California limited liability company; and DAVID MASHBURN d/b/a AV SCANNER NEWS,<br><br>Defendants. | Case No.<br><br>1) Copyright Infringement (17 U.S.C. § 501)<br>2) Contributory Copyright Infringement<br>3) Violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030)<br>4) Violation of the California Comprehensive Computer Data Access and Fraud Act (Cal. Penal Code § 502)<br>5) Unfair Competition (Cal. Bus. & Prof. Code § 17200)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, MATTHEW EVANS complains and alleges as follows:

## I.      INTRODUCTION

1.      This action arises from Defendants' deliberate, unauthorized reproduction and public display of a copyrighted photograph owned by Plaintiff MATTHEW EVANS. Defendants operate a monetized social media enterprise—AV Scanner News—that profits from sensationalized crime-related content distributed to more than 150,000 followers on Facebook. On or about August 4, 2025, Defendants intentionally obtained a personal photograph belonging

to Plaintiff from his private, restricted-access Facebook account and published it to Defendants' massive audience in connection with a crime-related post—all without Plaintiff's knowledge, consent, or compensation.

2.      The photograph at issue is an original work of authorship created by Plaintiff himself using a self-timer. It is not a booking photo, government record, or press release image. Plaintiff has filed for copyright registration with the United States Copyright Office on an expedited basis. Defendants' unauthorized reproduction, distribution, and public display of the Photograph violates the exclusive rights conferred upon Plaintiff under 17 U.S.C. § 106. Defendants' method of obtaining the Photograph—through deceptive or unauthorized access to Plaintiff's password-protected social media account—independently violates the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the California Comprehensive Computer Data Access and Fraud Act, Penal Code § 502.

3.      Plaintiff seeks actual and statutory damages, disgorgement of Defendants' profits, permanent injunctive relief, and attorney's fees and costs pursuant to the Copyright Act and related statutes.

## II.     JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act, 17 U.S.C. § 101 et seq., a federal law relating to copyrights.

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal copyright claim that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because: (a) Plaintiff resides in Los Angeles County, California; (b) Defendants conduct substantial and continuous business operations in Los Angeles County; and (c) a substantial part of the acts of infringement giving rise to Plaintiff's claims—including Defendants' unauthorized publication of the Photograph—occurred in this District.

### III.    THE PARTIES

7.      Plaintiff MATTHEW EVANS ("Plaintiff" or "Evans") is, and at all relevant times was, an individual residing in Los Angeles County, California. Plaintiff is the author and exclusive copyright owner of the photograph at issue and has not licensed, assigned, or otherwise authorized any third party—including Defendants—to reproduce, distribute, publicly display, or otherwise exploit that Photograph.

8.      Defendant AV SCANNER NEWS, LLC ("AV Scanner") is a California limited liability company incorporated on September 4, 2025, doing business in Los Angeles County. Prior to incorporation, the AV Scanner News enterprise was operated as a sole proprietorship by Defendant David Mashburn.

9.      Defendant DAVID MASHBURN ("Mashburn") is an individual residing in Los Angeles County, California. Prior to September 4, 2025, Mashburn operated AV Scanner News as a sole proprietorship. Mashburn is the managing member, principal operator, and directing mind of AV Scanner News, LLC. Plaintiff alleges that at all relevant times Mashburn: (a) personally directed and authorized the search for, acquisition of, and publication of the Photograph; (b) personally controlled the editorial and publishing decisions of Defendants' Facebook page; (c) personally profited from the engagement and advertising revenue generated by the post containing the Photograph; and (d) had the right and ability to prevent publication of the Photograph and to cause its removal. Mashburn is personally liable for his own direct infringement and for the infringement he directed and caused AV Scanner to commit.

10.     Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES 1 through 10, inclusive, and sues them by fictitious names. Plaintiff will amend this Complaint to state their true names and capacities when ascertained. Plaintiff is informed and believes that each Doe Defendant is in some manner responsible for the occurrences alleged herein.

11.     Plaintiff is informed and believes that at all times relevant, each Defendant was the agent, servant, employee, partner, alter ego, or co-conspirator of each remaining Defendant and acted within the scope of such agency, partnership, or conspiracy with the knowledge, permission, and consent of the remaining Defendants.

### IV.    FACTUAL ALLEGATIONS

#### A.    Defendants' Commercial Social Media Enterprise

12.    Defendants operate a commercial media enterprise focused on crime-related content targeting the Antelope Valley region and surrounding areas of Los Angeles County, distributed primarily through a Facebook page known as "AV Scanner News" located at https://www.facebook.com/AVSCANNERNEWS/.

13.    As of the filing of this Complaint, Defendants' Facebook page has amassed in excess of 150,000 followers and subscribers.

14.    Defendants monetize their social media platform through multiple revenue streams including: (a) advertising revenue generated through the Facebook platform based on user engagement, views, and interactions; (b) sponsored content and promotional posts; (c) brand partnerships; and (d) traffic directed to affiliated revenue-generating websites and platforms.

15.    Defendants' business model depends upon maximizing user engagement. Defendants routinely publish attention-grabbing content—including photographs of individuals associated with crime-related stories—to attract clicks, likes, comments, and shares that translate directly into advertising revenue. Posts containing photographs of identifiable individuals consistently generate higher engagement, and Defendants deliberately employ such photographs as a commercial strategy to maximize revenue.

### B.    Plaintiff's Copyrighted Photograph

16.    Plaintiff MATTHEW EVANS is the sole author of the personal photograph of himself at issue in this action (the "Photograph"). Plaintiff created the Photograph by setting up his own camera and using a self-timer to capture the image. As the sole author, Plaintiff owns the full copyright in the Photograph from the moment of its creation, with no assignment or work-for-hire agreement involved. The Photograph is an original work of authorship fixed in a tangible medium of expression that constitutes copyrightable subject matter under 17 U.S.C. § 102.

17.    Plaintiff has filed an application for copyright registration with the United States Copyright Office on an expedited Special Handling basis in connection with this litigation, and will supplement this Complaint with the registration certificate upon issuance. Plaintiff specifically alleges that the Photograph is registered or that an application for registration has been filed with the Copyright Office, as required by 17 U.S.C. § 411(a) and Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC, 586 U.S. 296 (2019). Plaintiff will provide the registration number to the Court and to Defendants promptly upon receipt.

18.     At all relevant times, Plaintiff maintained the Photograph on his personal Facebook account, which he configured with restricted privacy settings limiting access to individuals he had personally approved as connections. The Photograph was not publicly accessible and was not part of any government record, press release, booking photo, or official public document.

19.     Plaintiff never authorized any person or entity, including Defendants, to copy, download, reproduce, distribute, display publicly, or otherwise use the Photograph for any purpose.

**C.    Defendants' Unauthorized Access and Infringement**

20.     On or about August 4, 2025, Defendants published a post on their Facebook page associating Plaintiff with a law enforcement matter. Appended to that post was the Photograph—reproduced directly from Plaintiff's private, restricted-access Facebook account without authorization.

21.     The Photograph that Defendants reproduced and publicly displayed was not: (a) part of any government press release or official record; (b) a booking photograph or mugshot; (c) provided by any law enforcement agency; or (d) otherwise lawfully available in the public domain or licensed for use by Defendants.

22.     Defendants obtained the Photograph through one or more unauthorized means. Plaintiff alleges upon information and belief that Defendants, or persons acting at their direction, obtained the Photograph by: (a) using a false or misleading identity to gain approved "friend" or connection status on Plaintiff's private Facebook account, thereby accessing content restricted to approved connections; and/or (b) inducing or directing a third party with some access to Plaintiff's account to share the Photograph with Defendants without Plaintiff's authorization. Defendants' conduct constitutes access without authorization and/or access that exceeded any authorized access within the meaning of 18 U.S.C. § 1030 and California Penal Code § 502. Plaintiff's information and belief is based upon the fact that the Photograph was restricted to approved connections only; the absence of any legitimate pathway by which Defendants could have lawfully obtained the Photograph; and Defendants' pattern and practice of publishing photographs associated with individuals for commercial engagement purposes.

23.    Defendants knew or should have known that the Photograph was obtained from a private, restricted-access source and was not lawfully available for reproduction or public display.

24.    Defendants deliberately chose to reproduce and publicly display the Photograph—rather than any publicly available image or no image at all—because Defendants knew that including the Photograph would increase user engagement with the post and generate greater advertising revenue for their commercial enterprise.

25.    Without authorization, Defendants reproduced, distributed, and publicly displayed the Photograph to Defendants' more than 150,000 followers, where it was viewed, liked, commented upon, and shared by numerous individuals, generating substantial engagement metrics that directly benefited Defendants' commercial enterprise.

26.    Defendants' infringement was willful. Defendants' willfulness is established by the following specific facts: (a) the Photograph was obtained from a private, restricted-access account, putting Defendants on actual notice that they lacked authorization to reproduce it; (b) Defendants deliberately employed deceptive means or directed a third party to access Plaintiff's restricted account, demonstrating actual knowledge that the access was unauthorized; (c) Defendants deliberately chose to use the private Photograph for commercial advantage rather than a publicly available image or no image, demonstrating awareness that they were exploiting Plaintiff's property without authorization; (d) Defendants are experienced commercial media operators who have monetized a following of over 150,000 persons and are therefore chargeable with knowledge that publishing private personal photographs for commercial gain without authorization constitutes copyright infringement; and (e) the unauthorized post remained published after the date of filing, demonstrating Defendants' continued conscious disregard for Plaintiff's rights.

### D.    Damages

27.    As a direct and proximate result of Defendants' infringement and related unlawful conduct, Plaintiff has suffered and continues to suffer damages including: (a) loss of the exclusive right to control reproduction and public display of the Photograph; (b) loss of licensing revenue and the commercial value of the Photograph; (c) severe emotional distress, humiliation, and reputational harm caused by the unauthorized association of his likeness with sensationalized

crime-related content disseminated to over 150,000 persons; and (d) other compensatory damages according to proof at trial.

28.     Defendants have obtained substantial profits through the unauthorized exploitation of the Photograph, including advertising revenue, increased follower counts, brand enhancement, and related commercial benefits directly attributable to the infringement. Plaintiff is informed and believes that Defendants' advertising revenue and engagement metrics increased as a direct result of the publication of the Photograph, and that Defendants remain unjustly enriched by those gains.

29.     Defendants' infringement was willful and malicious. As set forth in paragraph 26, Defendants knowingly exploited Plaintiff's private copyrighted photograph for commercial gain with conscious disregard for Plaintiff's rights, justifying an award of statutory damages at the enhanced willful infringement rate of up to $150,000 per infringed work pursuant to 17 U.S.C. § 504(c)(2).

## FIRST CLAIM FOR RELIEF

## Copyright Infringement

(17 U.S.C. § 501)

(Against All Defendants)

30.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

31.     The Photograph is an original work of authorship fixed in a tangible medium of expression and constitutes copyrightable subject matter under 17 U.S.C. § 102. Plaintiff is the sole author and exclusive copyright owner of the Photograph.

32.     Plaintiff has filed for copyright registration with the United States Copyright Office on an expedited basis pursuant to 17 U.S.C. § 411(a) and the Supreme Court's holding in Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC, 586 U.S. 296 (2019). Plaintiff specifically alleges that this action is brought pursuant to a pending registration application and will provide the registration number upon receipt. Plaintiff has complied, or will have complied, with the registration requirements of 17 U.S.C. § 411 prior to seeking any relief from the Court.

33.     Without authorization, license, or other permission from Plaintiff, Defendants reproduced, distributed, and publicly displayed the Photograph on Defendants' commercial social

media platform, thereby violating Plaintiff's exclusive rights under 17 U.S.C. § 106(1) (right of reproduction), § 106(3) (right of distribution), and § 106(5) (right of public display).

34. There is a direct connection between Defendants' use of the Photograph and Defendants' commercial advantage: the Photograph was the primary visual element of Defendants' post, was specifically selected to maximize engagement and advertising revenue, and was published to a monetized platform with over 150,000 followers. Defendants profited directly from the exploitation of the Photograph.

35. Defendants' infringement was willful for the reasons set forth in paragraph 26. Defendants knowingly and intentionally obtained and published the Photograph from a private restricted-access source without authorization, with full awareness that they lacked permission to do so, and in furtherance of their commercial profit motive.

36. As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to recover: (a) actual damages and Defendants' profits attributable to the infringement pursuant to 17 U.S.C. § 504(b); or, alternatively, (b) statutory damages of up to $150,000 per infringed work for willful infringement pursuant to 17 U.S.C. § 504(c)(2).

37. Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502, impoundment and destruction of infringing copies pursuant to 17 U.S.C. § 503, and recovery of reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**Contributory Copyright Infringement**
(Against All Defendants)

38. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

39. To establish contributory copyright infringement, a plaintiff must show that the defendant had knowledge of the infringing activity and induced, caused, or materially contributed to the infringing conduct. ALS Scan, Inc. v. CloudFlare, Inc., No. CV 16-5051-GW, 2017 WL 3581426 (C.D. Cal. Feb. 7, 2017).

40. Defendant Mashburn personally directed and authorized the acquisition and publication of the Photograph. Specifically: (a) Mashburn, as the managing member and editorial

---

**Complaint**                                                        **8**

operator of AV Scanner News, personally made or directed the decision to search for, obtain, and publish the Photograph on the AV Scanner News Facebook page; (b) Mashburn personally controlled the publishing workflow for Defendants' Facebook page and either personally published the post containing the Photograph or directed a subordinate to do so with his knowledge and authorization; (c) Mashburn had actual knowledge of the specific infringement because he directed or approved the specific post at issue; (d) Mashburn personally profited from the advertising revenue, increased engagement, and enhanced brand value generated by the post containing the Photograph; and (e) Mashburn had the right and ability to prevent the infringement, and continues to have the right and ability to cause removal of the infringing post.

41.     These specific factual allegations distinguish this case from cases where conclusory allegations of corporate control are insufficient. Welenco, Inc. v. Corbell, 126 F. Supp. 3d 1154 (E.D. Cal. 2015). Plaintiff alleges Mashburn's direct personal involvement in the specific infringing act, not merely his status as a corporate officer.

42.     As a result of Defendants' contributory infringement, Plaintiff is entitled to the same relief set forth in the First CLAIM FOR RELIEF.

## THIRD CLAIM FOR RELIEF
### Violation of the Computer Fraud and Abuse Act
(18 U.S.C. § 1030)

(Against All Defendants)

43.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

44.     Plaintiff's personal Facebook account is a "protected computer" within the meaning of 18 U.S.C. § 1030(e)(2) because it is used in and affects interstate and foreign commerce and communication through the Facebook platform.

45.     To state a CFAA claim under 18 U.S.C. § 1030(a)(2), Plaintiff must demonstrate: (1) intentional access of a protected computer; (2) without authorization or exceeding authorized access; (3) thereby obtaining information from a protected computer involving interstate communication; and (4) causing a loss aggregating at least $5,000 in value during a one-year period. Cline v. Reetz-Laiolo, 329 F. Supp. 3d 1000 (N.D. Cal. 2018).

46.     As to the first three elements: Defendants intentionally accessed Plaintiff's protected computer—his private Facebook account—without authorization, by using a false or misleading identity to obtain friend or connection status with Plaintiff and thereby gain access to content Plaintiff had restricted to approved connections only, and/or by inducing or directing an unauthorized third party to provide Defendants access to Plaintiff's restricted content. Defendants thereby obtained the Photograph—specific protected private information—from Plaintiff's protected account involving interstate communication through the Facebook platform. Biden v. Ziegler, 737 F. Supp. 3d 958 (C.D. Cal. 2024).

47.     As to the $5,000 loss threshold: Plaintiff has suffered and will continue to suffer losses aggregating at least $5,000 in a one-year period as a direct result of Defendants' unauthorized access, including: (a) costs incurred investigating the unauthorized access and disclosure, including attorney time and costs associated with identifying the scope of the breach; (b) costs associated with pursuing copyright registration on an expedited Special Handling basis directly occasioned by Defendants' infringing conduct; (c) economic damages resulting from reputational harm, including loss of employment and professional opportunities; and (d) other quantifiable economic losses caused by the unauthorized association of Plaintiff's likeness with sensationalized crime-related content disseminated to over 150,000 persons. These concrete and quantifiable costs and losses, directly caused by Defendants' unauthorized access, are sufficient to satisfy the statutory threshold. Biden v. Ziegler, 737 F. Supp. 3d 958 (C.D. Cal. 2024).

48.     Plaintiff is entitled to compensatory damages, injunctive relief, and other equitable relief pursuant to 18 U.S.C. § 1030(g).

### FOURTH CLAIM FOR RELIEF
### Violation of the California Comprehensive Computer
### Data Access and Fraud Act (Cal. Penal Code § 502)
(Against All Defendants)

49.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

50.     California Penal Code § 502 provides broader protection than the federal CFAA. Unlike the CFAA, the CDAFA does not require "unauthorized access" to the computer system

itself; it requires only "knowing access" that becomes unlawful when a person "without permission takes, copies, or makes use of" data on a computer. *West v. Ronquillo-Morgan*, 526 F. Supp. 3d 737 (C.D. Cal. 2020); *United States v. Christensen,* 828 F.3d 763 (9th Cir. 2016). The Ninth Circuit has explicitly held that the CDAFA and CFAA "are different" and need not be interpreted consistently. Id.

51.    Plaintiff's private Facebook account and the Photograph stored therein constitute a "computer system" and "computer data" within the meaning of California Penal Code § 502(b).

52.    Defendants knowingly and without permission took, copied, and made commercial use of the Photograph from Plaintiff's private Facebook account in violation of Penal Code § 502(c)(1) and/or § 502(c)(3). Regardless of whether Defendants had general access to the Facebook platform as users, they acted "without permission" when they took and commercially exploited Plaintiff's private Photograph without his authorization. *West v. Ronquillo-Morgan,* 526 F. Supp. 3d 737 (C.D. Cal. 2020). The CDAFA's focus on "unauthorized taking or use of information" rather than merely unauthorized access to systems means that Defendants' conduct falls squarely within the statute's prohibitions.

53.    The CDAFA does not define "damage" or "loss" and does not contain a specific monetary threshold; any amount of damage or loss is sufficient. *In re Meta Healthcare Pixel Litig.*, 713 F. Supp. 3d 650 (N.D. Cal. 2024). Plaintiff's reputational harm, emotional distress, and economic damages resulting from Defendants' unauthorized commercial exploitation easily satisfy the statute's minimal threshold.

54.    Pursuant to Penal Code § 502(e), Plaintiff is entitled to compensatory damages, injunctive relief, and punitive damages. Plaintiff is also entitled to reasonable attorney's fees pursuant to § 502(e)(2).

## FIFTH CLAIM FOR RELIEF

### Unfair Competition (Cal. Bus. & Prof. Code § 17200)

### (Against All Defendants)

55.    Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

56.     Plaintiff's UCL claim is predicated on Defendants' violations of 18 U.S.C. § 1030 (CFAA) and California Penal Code § 502, both of which constitute independently actionable unlawful conduct. The CFAA and § 502 claims protect interests qualitatively different from copyright—specifically, Plaintiff's computer security and his right to control access to his private electronic account—and each adds an extra element beyond mere unauthorized reproduction: intentional unauthorized computer access obtained through deceptive identity manipulation. These independently unlawful acts, distinct from the copyright infringement claim, survive preemption analysis under 17 U.S.C. § 301. *Botanic Tonics, LLC v. Shot of Joy, LLC,* No. 2:24-CV-01635-RGK, 2024 WL 3777389 (C.D. Cal. Aug. 6, 2024).

57.     Defendants' conduct constitutes unlawful business practices within the meaning of § 17200 in that Defendants violated 18 U.S.C. § 1030 and California Penal Code § 502, as set forth above.

58.     Defendants' conduct constitutes unfair business practices within the meaning of § 17200 in that: (a) Defendants' practice of misappropriating private individuals' photographs from restricted-access accounts through deceptive means for commercial gain offends the established public policies underlying federal and state computer fraud laws and California privacy law; (b) the harm to Plaintiff substantially outweighs any legitimate utility of Defendants' conduct; and (c) Defendants' conduct is immoral, unethical, oppressive, and unscrupulous.

59.     As a direct result of Defendants' unlawful and unfair business practices, Plaintiff suffered injury in fact and lost money or property within the meaning of § 17204. Plaintiff's injury—loss of control over his private photograph and the economic and reputational damages flowing therefrom—was directly caused by Defendants' computer fraud violations, not merely by the copyright infringement itself. Pursuant to Business and Professions Code § 17203, Plaintiff is entitled to restitution and disgorgement of Defendants' unjust profits derived from the unauthorized exploitation of the Photograph and the unlawful computer access, and injunctive relief prohibiting Defendants from continuing or repeating such conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff MATTHEW EVANS respectfully prays for judgment against Defendants, and each of them, as follows:

1.      For a judgment that Defendants have infringed Plaintiff's copyright in the Photograph in violation of 17 U.S.C. § 501;

2.      For actual damages and disgorgement of Defendants' profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), in amounts to be proven at trial;

3.      In the alternative, for statutory damages of up to $150,000 per infringed work for willful infringement pursuant to 17 U.S.C. § 504(c)(2);

4.      For a permanent injunction pursuant to 17 U.S.C. § 502 ordering Defendants to immediately remove all copies of the Photograph from all platforms and to permanently refrain from reproducing, distributing, publicly displaying, or otherwise exploiting the Photograph or any other copyrighted work owned or controlled by Plaintiff without express written authorization;

5.      For impoundment and destruction of all infringing copies pursuant to 17 U.S.C. § 503;

6.      For damages, injunctive relief, and all other relief available under 18 U.S.C. § 1030(g) for violations of the Computer Fraud and Abuse Act;

7.      For compensatory damages, punitive damages, and injunctive relief pursuant to California Penal Code § 502(e) for violations of the California Comprehensive Computer Data Access and Fraud Act;

8.      For restitution, disgorgement, and injunctive relief pursuant to California Business and Professions Code § 17203 for Defendants' unlawful and unfair business practices;

9.      For reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505, California Penal Code § 502(e)(2), and other applicable law;

10.     For prejudgment and post-judgment interest as allowed by law; and

11.     For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff MATTHEW EVANS hereby demands a trial by jury on all issues so triable.

Date: March 4, 2026                    *s/ Mario Iskander         /*
                                       Mario Iskander, Esq.
                                       attorney for Plaintiff,
                                       MATTHEW EVANS

---

**Complaint**                                                    13